UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Kennith L. Whaley,

    Appellant,

v.

City of Chicago, *et al.*,

    Appellees.

Case Nos. 17-cv-7341, 18-cv-3397

Judge John Robert Blakey

## MEMORANDUM OPINION AND ORDER

In this bankruptcy appeal, Appellant Kennith Whaley argues that this Court should overturn three orders rendered by the bankruptcy court, including one refusing to vacate an earlier ruling dismissing Whaley's Chapter 13 petition on the basis that he filed it in bad faith. For the reasons set forth below, this Court affirms the bankruptcy court.

### I. Standard of Review

Pursuant to 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. This Court reviews the bankruptcy court's legal findings *de novo* and its factual findings for clear error. *In re Miss. Valley Livestock, Inc.*, 745 F.3d 299, 302 (7th Cir. 2014).

This Court reviews dismissal of a debtor's bankruptcy petition for abuse of discretion. *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002). A court "abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally

1

could have relied." *FCC v. Airadigm Commc'ns, Inc.*, 616 F.3d 642, 652 (7th Cir. 2010) (quoting *Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004)).

## II. Facts and Procedural History

### A. Whaley's Chapter 13 Petition

In May 2017, Whaley, an Uber driver, filed a voluntary petition under Chapter 13 of the Bankruptcy Code. [Bankr. 1].[1] In his petition, Whaley listed the "Law Offices of Arnold Scott Harris" as one of his creditors. *Id.* at 9. Harris is the City of Chicago's outside counsel, and both Harris and the City are appellees in this case. [25] at 7, 13. Whaley also names the Chapter 13 trustee as an appellee. *See* [1].

### B. The Parties' Motions

In June 2017, the Chapter 13 trustee filed two motions to dismiss. The first motion to dismiss sought dismissal on the basis that Whaley did not timely provide relevant tax information as required under 11 U.S.C. § 521(e)(2)(A). [Bankr. 16] at 1. The second motion sought dismissal for Whaley's failure to timely provide payment advices as required under § 521(a)(1). [Bankr. 17] at 1.

Two weeks later, the Chapter 13 trustee filed his third motion to dismiss, arguing that Whaley's petition should be dismissed pursuant to 11 U.S.C. § 1307(c)(1) for unreasonable delay caused by Whaley's failures to: (1) appear at the creditors' meeting; and (2) make payments to the trustee. [Bankr. 20] at 1.

---

[1] The bankruptcy case is *In re Whaley*, 17-bk-16255 (Bankr. N.D. Ill.) (Schmetterer, J.). This Court cites to filings in the bankruptcy case using "Bankr." followed by a docket number, and to filings in this case using only a docket number.

2

In July 2017, Whaley filed a "Motion for extention [*sic*] of time and contempt and sanctions" against Harris (the Harris motion). [Bankr. 21]. Whaley stated in the Harris motion that Uber canceled his driving permit because Harris informed it that Whaley had outstanding parking tickets to the City. *Id.* at 1–2. Thus, Whaley contended, Harris violated the automatic stay under 11 U.S.C. § 362(a) and should face sanctions. *Id.* at 3. Whaley also requested an extension to complete his Chapter 13 plan and pay his filing fees. *Id.*

Several weeks later, the Chapter 13 trustee filed his fourth motion to dismiss, arguing that Whaley's petition should be dismissed because he failed to timely file a proper plan. [Bankr. 33] at 1.

Finally, in August 2017, Whaley filed an "Emergency motion to release property" (the City motion). [Bankr. 42]. In the City motion, Whaley stated that the City, because of his outstanding parking tickets, booted a vehicle that he leased from an entity named Health Information Technology Support NFP. *Id.* at 1. Whaley argued that the City's actions violated the automatic stay and asked the bankruptcy court to enter an order releasing the vehicle. *Id.*

### C.    The Bankruptcy Court's Rulings

The bankruptcy court held a hearing on all of the motions on August 16, 2017. *See* [20]. As for the Harris and City motions, the bankruptcy court found that both hinged upon whether the automatic stay applied to protect Whaley's leased vehicle from the City's parking enforcement. *Id.* at 47–48. Finding that Whaley did not own

3

the vehicle, the bankruptcy court concluded that the automatic stay did not apply. *Id.* The bankruptcy court thus denied both the Harris and City motions. *Id.*

The bankruptcy court next granted the trustee's second motion to dismiss, finding that Whaley's failure to file payment advices warranted dismissal. *See id.* at 48–50. The bankruptcy court noted, however, that "all the grounds" set forth in the trustee's four motions to dismiss bore upon its reasoning. *Id.* at 50.

About a month later, Whaley moved to vacate these three orders. [Bankr. 67, 68, 69]. The bankruptcy court denied the motions to vacate in open court on September 27, 2017, [22] at 2–10, and entered orders denying the motions on the docket, *see* [Bankr. 70, 71, 72]. This Court now addresses Whaley's appeal of the orders denying his motions to vacate.[2]

### III. Analysis

#### A. The Bankruptcy Court Did Not Abuse its Discretion When Dismissing the Petition

The bankruptcy court granted the trustee's second motion to dismiss based upon Whaley's failure to timely file payment advices, finding that Whaley filed his Chapter 13 petition in bad faith. *See* [20] at 50.

Section 521 of the Bankruptcy Code requires debtors to file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." 11 U.S.C. § 521(a)(1)(B)(iv). The Bankruptcy Court may dismiss a petition "for cause" if, upon a trustee's motion, it finds after notice and a hearing that the debtor failed to file his

---

[2] Appellees agree that all three orders are final and appealable under 28 U.S.C. § 158(a). *See* [25] at 8.

4

payment advices within 15 days of filing his petition. 11 U.S.C. § 1307(c)(9). It is well-established that filing a petition in bad faith is sufficient cause for dismissal under Chapter 13. *See In re Smith*, 286 F.3d 461, 465 (7th Cir. 2002). The bankruptcy court can look at several factors in determining whether a Chapter 13 petition was filed in good faith, including but not limited to: "the nature of the debt . . . ; the timing of the petition; how the debt arose; the debtor's motive in filing the petition; how the debtor's actions affected creditors; the debtor's treatment of creditors both before and after the petition was filed; and whether the debtor has been forthcoming with the bankruptcy court and the creditors." *Matter of Love*, 957 F.2d 1350, 1357 (7th Cir. 1992). This Court reviews the bankruptcy court's bad faith finding for clear error. *Id.* at 1354.

Here, the bankruptcy court looked to several of the factors listed in *Love* in concluding that Whaley filed in bad faith. It detailed Whaley's recalcitrant conduct following the filing of his Chapter 13 petition, including his failures to: (1) appear at his meeting of creditors; (2) provide copies of tax returns, or alternatively provide proof that he had no obligation to file tax returns; and (3) file his payment advices. [20] at 48–49. And the bankruptcy court specifically found that Whaley had an improper motive for filing for bankruptcy, concluding that, as Whaley did not put forth any proof of income, he filed his petition only to invoke the protections of the automatic stay. *See id.* ("This is a case which we get occasionally, which is, people don't show they have income but nonetheless think they can come into Chapter 13

and get protection from the automatic stay even though they've got no apparent money or income.").

This Court cannot conclude that the Bankruptcy Court clearly erred in finding that Whaley filed in bad faith. To the contrary, Whaley's post-petition conduct, which included his various failures to timely file required documents and attend his creditors' meeting, prejudiced the creditors and burdened the bankruptcy court. Moreover, because Chapter 13 requires debtors to have "regular income," 11 U.S.C. § 109(e), this Court agrees with the bankruptcy court that Whaley's failure to timely provide proof of income suggested an improper motive to file for bankruptcy just to take advantage of the automatic stay.

As the Appellant, Whaley bears the burden to demonstrate that the bankruptcy court made clearly erroneous factual findings. *See In re Kutrubis*, 486 B.R. 895, 900 (N.D. Ill. 2013), *aff'd*, 550 F. App'x 306 (7th Cir. 2013). Far from carrying his burden, Whaley fails to even address the bankruptcy court's bad faith determination, much less controvert its findings concerning his post-petition failings. *See generally* [23]; [35].

Because bad faith constitutes sufficient cause to dismiss a Chapter 13 petition, *see Smith*, 286 F.3d at 465, this Court concludes that the bankruptcy court did not abuse its discretion in dismissing Whaley's petition. This Court thus affirms the bankruptcy court's denial of Whaley's motion to vacate the order dismissing his petition.

### B. The Motions Concerning the Automatic Stay Are Moot

The bankruptcy court also declined to vacate its denials of the City and Harris motions, which both sought relief because the City and/or Harris allegedly violated the automatic stay protections of the Bankruptcy Code. *See* [Bankr. 21; 42]. The bankruptcy court denied these motions (as well as the motions to vacate) on the basis that the automatic stay did not apply to protect Whaley's leased vehicle. [20] at 47–48.

Because this Court affirmed the dismissal of Whaley's petition, Whaley's challenge to any purported violations of the automatic stay became moot. *See Matter of Statistical Tabulating Corp., Inc.*, 60 F.3d 1286, 1290 (7th Cir. 1995) ("Because the stay is dependent on the existence of the bankruptcy, the dismissal of the case disposed of any dispute about the stay."); *accord Olive St. Inv., Inc. v. Howard Sav. Bank*, 972 F.2d 214, 216 (8th Cir. 1992) ("Once the bankruptcy proceeding is dismissed, neither the goal of a successful reorganization nor the debtor's right to the automatic stay continues to exist. Accordingly, it no longer serves any purpose to determine whether the bankruptcy court properly lifted the automatic stay; the appeal has become moot."). Thus, this Court need not consider Whaley's appeal of the bankruptcy court's denial of his motions to vacate the Harris and City Motions.[3]

---

[3] This Court consolidated the appeal pending before it with another that Whaley filed in 2018, *Whaley v. City of Chicago*, 18-cv-3397, (N.D. Ill.) (Norgle, J.) (2018 appeal). *See* [33]. In the 2018 appeal, Whaley purported to challenge the bankruptcy court's April 2018 order denying his motion for reconsideration of an order denying his motion to reinstate an automatic stay. *See* 2018 appeal [1]. Whaley filed both of these motions long after the bankruptcy court originally dismissed his petition, and after he filed his original appeal. *See* [Bankr. 103; 108]. This Court need not reach the merits of the 2018 appeal because it concerns the automatic stay, and any disputes related to the automatic stay are moot.

## IV. Conclusion

This Court affirms the bankruptcy court. All dates and deadlines are stricken. Civil case terminated.

Dated: August 24, 2018

Entered:

_____
John Robert Blakey
United States District Judge